1500 feet of a public elementary school or public housing project, and this element must be charged and proven beyond a reasonable doubt to obtain a conviction under § 21a-278a (b). Further, the legislative history of § 21a-278a (b) supports our conclusion that it is a separate offense. During debate on this provision, its sponsor, Representative William Kiner, observed, "Three new categories of crime are also in this file copy, basically what it does is to say that anyone . . . who sells within 1000 feet of a school . . . would now be guilty of a crime and as such we would be adding on two years to an already five year minimum sentence." 30 H.R. Proc., Pt. 24, 1987 Sess., p. 8656. Additionally, Representative Richard Tulisano remarked, "The body of this bill deals with a *new crime* dealing with sale near a schoolhouse"; (emphasis added) id., p. 8658; and Representative Robert Jaekle commented that "we're talking about a *new criminal law*." (Emphasis added.) Id., p. 8712.

Our holding today is also supported by *State v. Denby*, 235 Conn. 477, 481, 668 A.2d 682 (1995). In *Denby*, while our Supreme Court did not directly address the issue of whether § 21a-278a (b) is a sentence enhancement provision, it disagreed with our view that, pursuant that statute, the state "was not required to prove that the defendant specifically intended to sell within the 1000 foot[5] zone . . . ." Id. The court, however, held that "the plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within 1000 feet of a school." Id., 482. The court held that the state does not have to prove that a defendant knew that the location was within the zone. Because § 21a-278a (b) requires the state to prove beyond a reasonable doubt that the defendant intended

---

[5] At the time *Denby* was decided, the proximity distance to school property for a violation under the statute was 1000 feet. See General Statutes (Rev. to 1991) § 21a-278 (b).

to sell narcotics at a location that is within the 1500 feet zone, we conclude that the statute creates a separate substantive offense and is not merely a penalty enhancement provision.

The judgment is affirmed.

In this opinion the other judges concurred.

---

### JACK A. HALPRIN, INC. v. HERMITAGE INSURANCE COMPANY
(AC 19196)

O'Connell, C. J., and Hennessy and Zarella, Js.[1]

*Syllabus*

The plaintiff, the owner of a building that had been damaged when the tenants removed part of its roof, sought to recover from the defendant, the insurer of one of the tenants, after the plaintiff was unable to collect on a judgment it had obtained against the tenants. The defendant denied liability on the ground that the insurance policy did not cover damage to property rented by the insured, and the trial court rendered judgment for the defendant, from which the plaintiff appealed to this court. *Held* that the plaintiff could not prevail on its claim that the exclusion in the policy applicable to leased property was modified by an endorsement stating that coverage was not provided for structural alterations that did not involve changing the size of or moving buildings or other structures; that endorsement did not pertain to the exclusion at issue and did not alter the exclusions set forth in the policy.

Argued February 22—officially released July 4, 2000

*Procedural History*

Action to recover proceeds allegedly due under a property insurance policy issued by the defendant to the plaintiff's lessee, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Pittman, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed.*

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

CASE NO# 3:03CV296

NEW HABEAS SUPERIOR
(Doc. No# CV-98-412100).

(4) SECOND AMENDED STATE HABEAS CORPUS PETITION,
(Doc. No# CV-98-412100)

DOCKET NO. 98-412100                    SUPERIOR COURT

EDDIE BUD PLAYER                        J.D. OF NEW HAVEN

    VS.                                 AT NEW HAVEN

WARDEN                                  DECEMBER 29, 1999


## SECOND AMENDED PETITION

The Petitioner in the above-entitled action, by and through his counsel, hereby amends his amended petition for writ of habeas corpus, substituting the following allegations of fact and claims of law:

COUNT ONE - Due Process

1. The Petitioner was the defendant in a case entitled State of Connecticut v. Eddie Bud Player, in the Superior Court, Geographical Area No. 15 (New Britain), Docket No. CR98-0164097-S.

2. By way of an Information dated April 3, 1997, the petitioner was charged with the sale of narcotics, in violation of Connecticut General Statutes §21a-278(b); possession of narcotics in violation of Connecticut General Statutes §21a-279(a); and the

sale of a narcotic substance within one thousand five hundred feet of a public or private public or elementary school, a public housing project or a licensed day care center, in violation of Connecticut General Statutes §21a-278a(b).

3. On April 17, 1997, following a jury trial before Harleston, J., the Petitioner was convicted of all counts.

4. As a result of those convictions, the defendant was sentenced by the court (Harleston, J.) on June 5, 1997, to a term of imprisonment of five years on the first count (C.G.S. §21a-278(b)) and three years on the third count (C.G.S. §21a-278a(b)). Said sentences were ordered to run consecutively, for a total effective sentence of eight years imprisonment. No sentence was imposed for the second count (C.G.S. §21a-279(a)).

5. The Petitioner is currently in the custody of Respondent, pursuant to the judgment of conviction and sentence.

6. The Petitioner has not deliberately bypassed a direct appeal, in that: (1) The Petitioner has a pending appeal from the judgment in <u>State v. Player</u>, CR96-164097, before the Appellate Court of the State of Connecticut A.C. 18121. (2) The appeal does not raise the issue of ineffective assistance of counsel or actual

innocence, because the record does not reflect a sufficient factual basis, and lacking that basis, the claims are more properly pursued on a petition for a writ of habeas corpus. Sutton v. Robinson, 6 Conn. App. 518, 519, 506 A.2d 566 (1986).

7. The Petitioner's prosection and conviction arose from an incident in which narcotics were sold to a confidential informant in the city of New Britain on September 9, 1996.

8. At Petitioner's jury trial, the critical contested issue was the identity of the seller of the narcotics. The State's chief identification evidence consisted of testimony by a confidential informant.

9. At Petitioner's jury trial, the State further relied upon certain other evidence, including the testimony of a New Britain police officer who testified that the person arrested fit the description of the person he said the confidential informant described to him, which description did not conform to the description given by the confidential informant.

10. The Petitioner testified in his own behalf, and denied that he had sold the narcotics to the confidential informant. This testimony was corroborated by a witness for the defense.

11. The Petitioner claims that his convictions and resulting incarceration are illegal in that they were obtained in violation of his federal and state constitutional rights to due process of law, in accordance with the United States Constitution, Amendment XIV, and/or Connecticut Constitution, Article I, Section 8, in that:

> a) The Petitioner was not convicted of these charges beyond a reasonable doubt since the evidence used to convict the Petitioner at his criminal trial was unreliable and contradictory.
>
> b) The Petitioner is factually innocent of the charges.
>
> c) The Petitioner was deprived of certain exculpatory information by the State.

COUNT TWO - <u>Ineffective Assistance of Counsel</u>

1-10. Paragraphs 1 through 10 of Count One are hereby incorporated and made Paragraphs 1 through 10 of Count Two.

11. The Petitioner claims that his convictions and resultant incarceration are illegal in that they were obtained in violation of his federal and state right to the effective assistance of

counsel under United States Constitution, Amendments VI and XIV and Connecticut Constitution, Article I, Section 8 in that:

    a) Trial counsel failed to conduct a full and adequate factual investigation of the State's case and the Petitioner's innocence, including but not limited to his failure to conduct a full and adequate investigation concerning the events surrounding the arrest of the Petitioner;

    b) Trial counsel failed to insure that the State had informed the defense of any and all exculpatory information and/or material relative to the Petitioner's innocence.

    c) Trial counsel failed to insure that the Petitioner only be convicted upon the State's burden of proof beyond a reasonable doubt.

12. Said acts and/or omissions by Petitioner's trial counsel fell below the range of competence displayed by lawyers with ordinary training and skill in the criminal law; and there is a reasonable probability that, but for trial counsel's acts and/or omissions, as aforesaid, the outcome of the proceedings would have

been different.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioner prays that this Court grant the following relief:

a) That his convictions and sentences be vacated;

b) That his case be remanded;

c) That he be released from custody; and

d) That he be afforded any and all other relief that law, equity or justice requires.

THE PETITIONER, EDDIE BUD PLAYER

Robert E. Byron
Special Public Defender
His Attorney
945 Main Street, Suite 208
Manchester, CT 06040
(860) 643-2501
Juris No. 403298

## CERTIFICATION

This is to certify that this date, December 29, 1999 a copy of the foregoing was sent, by first class mail, postage prepaid, to Mr. Eddie Bud Player, Inmate No. 249812, Cheshire Correctional Institution, 900 Highland Ave., Cheshire, CT 06410; and to Mary Rose Palmese, Assistant State's Attorney, 20 Franklin Square, New Britain, CT 06051.

_____
Robert E. Byron

<u>NEW HAVEN SUPERIOR</u>
(Doc No# CV-98-412400)

5) Motion to Limine,

| | |
|---|---|
| DOCKET NO. CV-98-412100 | SUPERIOR COURT |
| EDDIE BUD PLAYER | J.D. OF NEW HAVEN |
| VS. | AT NEW HAVEN |
| WARDEN, RESPONDENT | JUNE 11, 2001 |

### MOTION IN LIMINE

Pursuant to Practice Book §15-3, petitioner Eddie Bud Player submits this Motion in Limine for the admission of certain testimony given by a witness for the petitioner in previous hearings on this habeas case. The witness is expected to be unavailable by virtue of taking her testimonial privilege.

This matter will go to trial on June 20, 2001. This will be the second trial, the first having ended in a mistrial on April 6, 2000. The Court declared a mistrial at that time because a witness for the petitioner, a certain Vera Pottle, testified that she had given false testimony against the petitioner in the underllying criminal trial. She then asserted her privilege against self-incrimination before the respondent had finished cross-examination. The Court ruled that she had the right to assert the privilege, but because she did so before the respondent finished cross examination, a prejudice was worked against the respondent sufficient to warrant the declaration of the mistrial.

The petitioner expects that Ms. Pottle will continue to assert the privilege. Accordingly, the petitioner requests that the Court consider the witness to be unavailable, and to admit the record of her testimony into evidence. A witness may be declared

unavailable as a matter of law when she assets her testimonial privilege against self-incrimination. State v. Frye, 182 Conn. 474, 481, 432 A.2d 735 (1980): "[T]he declarant witness may be declared unavailable [when] (1) the Court has determined that the witness has a testimonial privilege." See also, State v. Schiappa, 248 Conn. 132, 141-42, 728 A.2d 466 (1999). (Court will refer to Rule 804(a) of Federal Rules of Evidence.). Unavailability by way of testimonial privilege is set forth in the Federal Rules of Evidence, Rule 804(a), which rule Connecticut has adopted. Connecticut Code of Evidence, §8-6, note 4.

Under the Connecticut Code of Evidence, the testimony of a declarant may be considered an exception to the hearsay rule if that testimony involves the declarant's penal interests. That is certainly the case here. The witness was on the stand when counsel for the respondent advised the Court that the witness faced five years on a felony perjury charge if she continued her recantation:

> Your Honor, my concern is that if Ms. Pottle continues to testify in the same vein as she is, and that is totally recanting the testimony that she gave back in the original criminal trial, in April of 1997 ... she opens herself up to a charge of perjury, it's a Class D Felony, it carries a five year period of incarceration.
> Trial transcript, March 23, 2000, p. 2 (attached).

Pottle's testimony was clearly adverse to her penal interests, and respondent's statement here both highlights and admits that.

There does exist a concern regarding cross examination. As the Court expressed it when it declared the mistrial, upon Ms. Pottle's asserting the privilege: "The State now is not about to cross examine her on that [the recantation of her previous testimony]. You

That recantation and counsel's admission led to a second hearing on March 23, which opened with the announcement to the Court, with Ms. Pottle on the stand, that if she continued with her testimony of March 9, she was exposing herself to a felony prosecution. She was then advised by the Court that she was entitled to personal counsel, should she so choose, and she did so choose, and the events of the third hearing on April 6 led to the mistrial.

Petitioner would argue that whatever issues of fairness or unfairness which may apply in regard to Ms. Pottle's testimony and the events surrounding that testimony do not labor completely in favor of the respondent. And since, as a matter of law, Ms. Pottle would become unavailable upon taking her testimonial privilege, and because that unavailability provides an exception to the hearsay rule vis a vis her penal interest, and because the respondent does not have a vested right to cross-examine this now unavailable witness, the petitioner respectfully requests that this Court enter an order to allow the previous testimony of Ms. Pottle, particularly that testimony given on March 9, 2000, to be admitted into evidence in the trial on this matter due to commence on June 20, 2001.

THE PETITIONER,
EDDIE BUD PLAYER

By /s/ Robert E. Byron
Robert E. Byron, Esq.
945 Main Street, Suite 208
Manchester, CT 06040
(860) 643-2501
Juris No. 403298

2

1   vein as she is, and that is totally recanting the
2   testimony that she gave back in the original
3   criminal trial, in April of 1997, and now it's
4   completely different testimony, and in fact admits
5   that she was not truthful in '97, she opens herself
6   up to a charge of purgery, it's a Class D Felony,
7   it carries a five year period of incarceration. At
8   that time she will have given two sworn versions of
9   testimony in a Superior Court. Now, I understand
10  she may or may not be under the impression that
11  duress may or may not play a part in this. That
12  certainly is something that I don't believe she
13  should consider at this point when she decides
14  whether or not she wants to open herself up for a
15  purgery charge and at the very least, I think in
16  order to protect herself, she should speak with
17  counsel before going any further. And there should
18  not be counsel for the petitioner, as he obviously
19  is conflicted out of speaking with her, he is
20  representing the petitioner in this case, and she
21  should have her own counsel.
22      THE COURT: Mr. Byron, do you want to be heard
23  on this issue?
24      MR. BYRON: I'm afraid under the
25  circumstances, I can't dispute that.
26      THE COURT: Okay, Miss Pottle, if you could
27  come up to the witness box for a moment ma'am, I

MARCH 23, 2000 - P.2

1  move that since we are being denied our right to
2  cross-examine the witness, that her testimony be
3  stricken.
4      THE COURT:  Mr. Byron?
5      MR. BYRON:  Well, your Honor, the
6  identification is at the end of her testimony,
7  and I think it's still an open question whether
8  the rest of her testimony is truthful.
9      THE COURT:  Well, here is the problem.  The
10 crux of your claim, through Ms. Pottle, which
11 she testified on direct, was that she wasn't
12 telling the truth at the criminal trial when she
13 identified Mr. Player as the person who sold her
14 the drugs.  The State now is not able to cross-
15 examine her on that.  You know, that's not fair,
16 It's not fair to have the direct testimony stand
17 and not have the State be given the opportunity
18 to question her on that, so it seems to me I
19 have no choice.  I certainly find that the Fifth
20 Amendment privilege applies here.  If she
21 answers these questions she's going to subject
22 herself to the possibility of prosecution for
23 perjury.  So it's certainly appropriate exercise
24 of her Fifth Amendment rights.  That being the
25 case, I can't compel her to testify.  That being
26 the case, the State has no opportunity to cross
27 examine her on her direct testimony.  So, I feel

APRIL 6, 2000 - p. 24