CASE NO# 3:03CV6

NEW HAVEN SUPERIOR
(DOC NO# CV-98-412100)

(6) MEMO OF DECISIONS, DENIED.

| | |
|---|---|
| DOCKET NO. CV98-412100 | : SUPERIOR COURT |
| EDDIE BUD PLAYER,<br>    Petitioner | : JUDICIAL DISTRICT OF NEW HAVEN |
| | : AT NEW HAVEN |
| V. | |
| | : OCTOBER 2, 2001 |
| WARDEN,<br>    Respondent | |

## MEMORANDUM OF DECISION

### STATEMENT OF THE CASE

In this habeas corpus petition, the parties have agreed to submit it to the court on the record for a ruling on the petitioner's Motion In Limine and claims of ineffective assistance of counsel.

The case was reached for trial on a prior occasion but was terminated when a mistrial was declared. That occurred when the witness whose testimony had implicated the petitioner in an under-cover drug sale took the stand to recant her trial testimony.

Upon being advised that she would be prosecuted for perjury, the witness chose to exercise her Fifth Amendment right against self incrimination. Therefore, the respondent could not proceed to cross examine and the mistrial followed.

Judgment Entered 10-2 20 01
Counsel/Pro Se Parties notified 10-9 20 01
By ☐ JDNO  ☐ Copy of Memo  ☐ Other

Judicial District of New Haven
SUPERIOR COURT
FILED
OCT 02 2001
CHIEF CLERK'S OFFICE

At the trial which gave rise to this proceeding, the petitioner was convicted of a drug sale. The purchaser was this recanting witness who was acting as a confidential informer for the New Britain Police Department. She had performed this function in the past and on this occasion was observed by the directing officer who had backup officers move in to apprehend the petitioner.

The informer was provided with the funds to make the purchase and the serial numbers of the bills she was given were recorded by the police.

The petitioner's position at trial was that he did not sell the drugs, he did not receive the "buy money" from the informer, there were other people present at or near the arrest scene, and all he was doing when apprehended was indulging in the innocent pastime of shooting craps.

Other pertinent facts will be discussed in the section dealing with ineffective assistance of counsel claim.

I

**The Motion In Limine**

The petitioner requests the court to consider the witness to be unavailable and to admit in this proceeding the record of her testimony.

Through citing cases on the subject, the petitioner cites no authority for the proposition that the recanting testimony should come in.

2

On the contrary, Section 8-6 of the Connecticut Code of Evidence supports the respondent's objection:

> **Sec. 8-6. Hearsay Exceptions: Declarant Must Be Unavailable**
> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
> **(1) Former testimony.** Testimony given as a witness at another hearing of the same or a different proceeding, provided (A) the issues in the former hearing are the same or substantially similar to those in the hearing in which the testimony is being offered, and (B) the party against whom the testimony is now offered had an opportunity to develop the testimony in the former hearing.

At the "former hearing," that is the occasion on which the case was mis-tried, the respondent had <u>no</u> opportunity to develop the testimony offered against him.

Though not referring to this section, in declaring a mistrial, the previous trial judge enunciated this principle:

> THE COURT: Well, here is the problem. The crux of your claim, through Ms. Pottle, which she testified on direct, was that she wasn't telling the truth at the criminal trial when she identified Mr. Player as the person who sold her the drugs. **The State is now is not able to cross-examine her on that. You know, that's not fair, It's not fair to have the direct testimony stand and not have the State be given the opportunity to question her on that, so it seems to me I have no choice.** I certainly find that the Fifth Amendment privilege applies here. If she answers these questions she's going to subject herself to the possibility of prosecution for perjury. So it's certainly appropriate exercise of her Fifth Amendment rights. That being the case, **I can't compel her to testify. That being the case, the State has no opportunity to cross examine her on her direct testimony. So, I feel I have no choice but to strike her direct testimony in light of her assertion of the privilege.** What that then says to me, is I probably should and I would be happy to hear from both counsel is declare a mistrial, since I heard the direct

3

testimony and have you go back to square one before another Judge on the Habeas Petition. Does anybody want to be heard on that? (Player v. Warden, docket number CV98-412100, TR@24, March 23, 2000)

Further, there is case law in accord with this position. The right of cross-examination is not a privilege but is an absolute right and if one is deprived of a complete cross-examination he has a right to have the direct testimony stricken. Gordon v. Indusco Management Corporation, 164 Conn. 262, 271 (1973), citing 58 Am. Jr., Witnesses, § 611, 612. And, "It is only after the right of cross-examination has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court. Id., at 271, citations omitted.

The petitioner also casts this motion in light of "unusual circumstances." Recantations after criminal convictions, along with after discovered witnesses, have become a regular occurrence. It is not rare for a witness to invoke the Fifth Amendment. The court is unable to attach any significance to the fact that the same prosecutor tried the case of the petitioner and earlier, had prosecuted this now recanting witness. And finally, the prosecutor's change of name because of her marriage is totally irrelevant.

The Motion In Limine is therefore denied and the proffered testimony will not be admitted.

4

II

**The Ineffective Assistance of Counsel Claim**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth a two pronged test to be applied in evaluating claims of ineffective assistance of counsel. In addition to being deficient, that is, not within the range of competence of lawyers with the ordinary skill and training in criminal law, the deficient performance must have prejudiced the defense.

Connecticut courts have addressed this test and elaborated upon a petitioner's burden in asserting such claims:

> "The right of a defendant to effective assistance is not, however, the right to perfect representation. <u>State v. Barber</u>, 173 Conn. 153, 159-60, 376 A.2d 1108 (1977); <u>Chance v. Bronson</u>, 19 Conn. App. 674, 678, 564 A.2d 303 (1989). He must also show "that this lack of competency contributed so significantly to his conviction as to have deprived him of a fair trial." <u>Herbert v. Manson</u>, 199 Conn. 143, 144-45, 506 A.2d 98 (1986). The reviewing court must employ a strong presumption of the reasonableness of that counsel's assistance. <u>Levine v. Manson</u>, supra, 640; <u>Chance v. Bronson</u>, supra, 678. The assistance must be viewed in light of the circumstances that existed at the time, and not with either the benefit or the distortions of hindsight. <u>Levine v. Manson</u>, supra. Even if that assistance is found to have been lacking in competency, the petitioner bears the further burden of showing that there is a reasonable probability that, were it not for the deficiency of counsel, the result of the trial would have been different. <u>Aillon v. Meachum</u>, 211 Conn. 352, 357, 559 A.2d 206 (1989)." <u>Williams v. Bronson</u>, 21 Conn. App. 260, 263 (1990). Further, strategic or tactical choices of counsel are not subject to challenge. (<u>Strickland</u>, supra). The petitioner's claim must be evaluated in light of these standards.

5

### A.

The court has read the entire trial transcript in order to assess the merits of the petition. It should be noted at the outset that trial counsel was confronted with the unenviable task of explaining to the jury the fact that when he was apprehended by the police, almost immediately after the alleged sale, his client was in possession of one of the bills which had been given to the informer to effect the purchase.

The vital witnesses for the prosecution were the detective directing the undercover operation and the informer. Trial counsel apparently directed his efforts toward that situation. He was unsuccessful on a motion to suppress the petitioner's identification, but conducted voir dire examinations on a series of prosecution evidential offers.

His cross examination of the detective was effective, exploring the informer's motive, prior under cover activity, and the missing $10 bill used in the "buy". He was very effective in developing that the "pat down" of the informer was not a thorough search to insure she had no drugs on her. He was able to emphasize that there were no drugs on his client when he was arrested and, he was most effective in illustrating that the detective did not witness the actual sale, but had lost sight of the informer and her seller at one point.

After the prosecution's re-direct, trial counsel conducted a good re-cross examination of the detective.

In cross examining the informer, trial counsel had her describe her physical condition during this activity due to her need for a dose of drugs. He was able to verify the casual nature of the search of her person by the detective. He was able to have the informer repeat her description of the seller's clothing - then highlighting a discrepancy on this point between her testimony and that of the detective.

Unfortunately for the defense, on re-direct the informer seemed to have cleared up this point and repeated her certainty as to the identification of the person from whom she bought drugs – the defendant, this petitioner. This also neutralized counsel's attempt to suggest that her identification to the detective of the petitioner at the scene was unreliable because she had "ducked down" in the police vehicle.

Counsel went on to cross examine even the expert from the toxicological laboratory and was prepared to seek a mistrial when the petitioner was observed in shackles by some jurors.

His attempt to exclude the petitioner's felony record was futile but he was persistent in an argument he should have lost.

Finally, the court finds in his closing argument that trial counsel explored what weaknesses and inconsistencies existed in the State's case.

7

1.  the informer's narrative of having purchased drugs from the person she identified in the courtroom;

2.  The corroboration of her story, except for the actual sale, from the detective;

3.  the petitioner having possession of one of the bills given to the informer to make her "buy";

4.  corroboration of some of the evidence by police officers.

## CONCLUSION

The court concludes that, contrary to the petition, trial counsel was an effective advocate and defended his client persistently. His performance exhibited more than reasonable competence.

The petition is denied and judgment may enter for the respondent.

By the Court,

*Anthony V. DeMayo*
Anthony V. DeMayo, J.T.R.

NEW HAVEN SUPERIOR
(DOC NO# CV-98-412100)

1) Motion for certification to appeal,

| | |
|---|---|
| DOCKET NO. CV-98-412100 | SUPERIOR COURT |
| EDDIE BUD PLAYER | J.D. OF NEW HAVEN |
| VS. | AT NEW HAVEN |
| WARDEN, RESPONDENT | OCTOBER 17, 2001 |

### MOTION FOR CERTIFICATION TO APPEAL

Pursuant to General Statutes §52-470, petitioner Eddie Bud Player requests that this Court certify that a question is involved in its decision of October 2, 2001, with a notification date of October 9, 2001, which ought to be reviewed by the Appellate Court. This question is whether the respondent possesses an absolute right of cross examination in a habeas corpus case, and if he does not, then what the limitations are. In addition, there exists a question whether the rights to cross examination are the same in a habeas case as for a criminal case or for a civil case, and whether those rights attach to both parties in either case.

THE PETITIONER,
EDDIE BUD PLAYER

By /s/
Robert E. Byron, Esq.
983 Main Street
Manchester, CT  06040
(860) 647-8814
(860) 646-8876
Juris No. 403298

## ORDER

The foregoing Motion for Certificatin for appeal having been considered, it is hereby:

### GRANTED/DENIED

By_____
          Judge/Clerk

### CERTIFICATION

This is to certify that on the 17th day of October, 2001, copies of foregoing were mailed postage pre-paid to:

Mr. Eddie Bud Player
Inmate No. 249812
Osborne Correctional Institution
PO Box 100
Somers, CT 06071

Angela R. Macchiarulo, Esq.
Assistant State's Attorney
Civil Litigation Bureau
300 Corporate Place
Rocky Hill, CT 06067

_____
Robert E. Byron

NEW HAVEN SUPERIOR
(Doc N# CV-98-412100)

8) order, DENIED

PLAYER, EDDIE BUD           VS.           CV-98-0412100-S
WARDEN

MOTION FOR CERTIFICATION TO APPEAL.

DENIED, AS PREVIOUSLY. FURTHER, THIS MOTION
DOES NOT STATE THE ISSUE DETERMINED BY THE
COURT.

BY THE COURT (DEMAYO, JTR)
11/20/01

SUPERIOR COURT
235 CHURCH STREET
NEW HAVEN, CONNECTICUT           06510

DATED: NOV 23, 2001
NNH

EDDIE BUD PLAYER
INMATE #249812
900 HIGHLAND AVENUE
CHESHIRE, CT           06410

CASE NO# 3:03CV296

Appellate Court, AC#22534.

(9) PLAYER V. COMMISSIONER, 73 CONN. App. 556, (2002) (A.C.#22534), <u>DENIED</u>.