556   NOVEMBER, 2002   73 Conn. App. 556

Player v. Commissioner of Correction

the defendant had opened the door to questions about his prior arrests and that the state was entitled to cross-examine him on the subject. Therefore, we conclude that the court properly permitted evidence of the defendant's prior acts of misconduct. Finally, we do not agree that the cross-examination so prejudiced the defendant as to warrant a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.

---

EDDIE PLAYER v. COMMISSIONER OF CORRECTION
(AC 22534)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 12, 2002

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Alander, J.*; thereafter, the court declared a mistrial; subsequently, the matter was tried to the court, *Hon. Anthony V. DeMayo*, judge trial referee; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*James A. Fox*, special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, and *Bruce R. Lockwood* and *Angela R. Macchiarulo*, assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The habeas court denied the petitions filed by the petitioner, Eddie Player, for a writ of habeas corpus and for certification to appeal from the denial

---

73 Conn. App. 556   NOVEMBER, 2002   557

Player v. Commissioner of Correction

of that petition. The petitioner appealed, claiming that the court improperly (1) excluded from evidence the prior testimony of the petitioner's witness relating to his claim of actual innocence and (2) denied his petition for certification to appeal. We dismiss the appeal.

The petitioner was convicted by a jury of sale of narcotics,[1] sale of a narcotic substance within 1500 feet of an elementary school and a public housing project,[2] and possession of narcotics.[3] The defendant's conviction was affirmed by this court in *State* v. *Player*, 58 Conn. App. 592, 753 A.2d 947 (2000). The jury reasonably could have found the following facts. "On September 9, 1996, the New Britain police department employed Vera Pottle as an informant to buy drugs at the corner of Irwin Place and North Street. [Using marked bills,] Pottle bought $20 worth of crack cocaine from the [petitioner] in a vacant lot that was within 1500 feet of an elementary school and a public housing project. She took the crack cocaine to Officer Jerry Chrostowski who had driven her to the area and waited nearby. Pottle and Chrostowski went back to the lot, and Pottle identified the [petitioner] as the person who sold the cocaine to her." Id., 594. The police arrested the petitioner and found one of the marked bills in his possession. Pottle testified against the petitioner at trial and again identified him as the person from whom she had purchased the narcotics. Id.

The petitioner subsequently sought a writ of habeas corpus. In his petition, which was amended twice, the petitioner alleged actual innocence and ineffective assistance of counsel.[4] At the first hearing on his second amended petition, the petitioner called only Pottle as

---

[1] See General Statutes § 21a-278 (b).
[2] See General Statutes § 21a-278a (b).
[3] See General Statutes § 21a-279 (a).
[4] The petitioner has not appealed from the court's judgment with respect to his claim of ineffective assistance of counsel.

Case 3:03-cv-00296-JCH    Document 12-5    Filed 09/15/2003    Page 2 of 15

supra, 789–90 n.29." (Internal quotation marks omitted.) *Baillargeon v. Commissioner of Correction*, 67 Conn. App. 716, 733, 789 A.2d 1046 (2002).

The petitioner's claim of actual innocence is based on an evidentiary ruling made with respect to Pottle's testimony at the first habeas hearing. The petitioner has failed to carry his heavy burden of demonstrating by clear and convincing evidence that he actually is innocent of the crimes of which he was convicted. The issue raised with respect to Pottle's testimony is an evidentiary one. We review evidentiary claims under an abuse of discretion standard. See *State v. Soto*, 59 Conn. App. 500, 505, 757 A.2d 1156, cert. denied, 254 Conn. 950, 762 A.2d 906 (2000). The petitioner's claim is governed by § 8.6 (1) of the Connecticut Code of Evidence. When Pottle invoked her fifth amendment privilege at the first habeas hearing, the respondent was denied its right to develop the witness' testimony. The court, therefore, did not abuse its discretion.

Furthermore, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms v. Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms v. Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker v. Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada v. Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.

<u>Appellate court no. 22534.</u>

(10) Petition for certification,

| | | |
|---|---|---|
| No. _____ | : | SUPREME COURT |
| AC 22534 | : | APPELLATE COURT |
| Docket No. CV 98-0412100 | : | SUPERIOR COURT<br>J.D. OF NEW HAVEN (Habeas) |
| Eddie Player | : | STATE OF CONNECTICUT |
| v. | : | November 12, 2002 |
| Commissioner of Correction | : | |

### PETITION FOR CERTIFICATION

Pursuant to P.B. §§ 84-1 through 84-4, Eddie Player petitions for certification to the Supreme Court for review of his habeas petition denial. The Appellate Court affirmed the Habeas Court on November 12, 2002.

### QUESTION PRESENTED FOR REVIEW

Whether the Appellate Court erred when it failed to grant relief. Mr. Player submits that the the habeas court abused its discretion when it (1) concluded that the Commissioner lacked the opportunity to cross examine the Petitioner's witness, Vera Pottle, then struck her testimony, and (2) denied certification to appeal.

### BASIS FOR CERTIFICATION

Mr. Player seeks certification where the Appellate Court rejected his argument in *Player v. Commissioner*, \_\_ Conn.App. \_\_ (2002). The Appellate Court found (1)the habeas court within its discretion to strike Pottle's testimony, after she invoked her fifth amendment privilege on cross examination; and (2) that Player did not demonstrate, by clear and convincing evidence, that he is actually innocent. Player respectfully submits that he Appellate Court's ruling warrants exercise of the Supreme Court's

supervision, as contemplated by P.B. § 84-2(3).

## SUMMARY OF THE CASE[1]

*Procedural History*

A New Britain jury convicted Eddie Player for the (1) sale of narcotics, C.G.S. §21a-278(b); (2) possession of narcotics, C.G.S. § 21a-279(a); and (3) sale of narcotics within 1500 feet of a public housing project and elementary school, C.G.S. §21a-278a(b). The criminal court imposed a total effective sentence of eight years on Player. On direct appeal, the Appellate Court affirmed the convictions. *State v. Player*, 58 Conn.App. 592, 592-594 (2000).

On June 27, 1997, Mr. Player filed a *pro se* petition for a writ of habeas corpus in the Judicial District of New Haven. (Petition). Trial on the habeas petition commenced on March 9, 2000 before Judge Alander. The Petitioner placed Vera Pottle on the stand. (9Mar00-Tr-5). Previously, at Player's criminal trial, she testified that he sold her ready rock, cocaine. (14Apr97-Tr-58-59, 61). At the habeas trial, Pottle testified that Player did not sell drugs to her. Her prior testimony at Player's criminal trial resulted from her fear that any failure to so testify would result in her serving jail time, rather than enrollment in a residential drug treatment program. (9Mar00-Tr-5, 7-9). The government had the same counsel at the criminal and

---

[1] The Petitioner introduced the criminal trial court's transcript as an Exhibit. (9Mar00-Tr-2); (6Apr00-Tr-10). The Record/Exhibit references in this Petition are as follows: (1) Transcripts for Habeas Trial and Criminal Trial (Date-Tr-Page); (2) Pro Se Habeas Corpus Petition (Petition); (3) Second Amended Petition for Writ of Habeas Corpus (Amended Petition); (4) State's Return (Return); (5) Petitioner's Memorandum Re: Ineffective Assistance of Counsel and Admission of Prior Testimony (Petitioner's Memorandum); and (6) Habeas Court Memorandum and Decision (Decision).

2

habeas trials. She saw herself as a potential witness. The court continued the habeas trial to allow the Commissioner to obtain new counsel. (9Mar00-Tr-9-10, 13).

The habeas trial reconvened on March 23, 2000. New counsel represented the Commissioner. The Commissioner's attorney raised the point that Pottle's testimony could expose her to a perjury charge. (23Mar00-Tr-1-2). Before Pottle continued with her testimony, the habeas court advised her of potential self incrimination issues in her testimony. The court continued the habeas trial to allow Pottle to consult with counsel. (23Mar00-Tr-5-6).

The habeas trial started its third day on April 6, 2000. As Ms. Pottle took the stand, the Commissioner commenced cross examination. On cross, Pottle again confirmed that Player did not sell drugs to her. (6Apr00-Tr-8, 9, 13-14). The Commissioner directed the cross examination to Pottle's oaths before prior testimony. (6Apr00-Tr-15-16). Through counsel, Pottle invoked her privilege against self incrimination. (6Apr00-Tr-18, 22). The habeas court then granted the Commissioner's motion to strike Pottle's direct testimony. (6Apr00-Tr-19, 25).

The habeas court declared a mistrial. (6Apr00-Tr-25-26). The parties subsequently submitted the case for disposition on the papers. (Petitioner's Memorandum 2). Judge DeMayo found for the Commissioner. (Docket).

On October 23, 2001, the habeas court denied Player's certification petition. The court issued notice of the denial on November 1, 2001. Player filed his appeal on November 20, 2001. (Docket).

On November 12, 2002, the Appellate Court found (1) the habeas court within

3

its discretion to strike Pottle's testimony, after she invoked her fifth amendment privilege on cross examination; and (2) that Player did not demonstrate, by clear and convincing evidence, that he is actually innocent. *Player v. Commissioner*, ___ Conn.App. ___ (2002).

**Facts**

The New Britain Police used an informant to buy narcotics. Vera Pottle purportedly bought twenty dollars of crack cocaine from Mr. Player. The sale occurred within 1500 feet of an elementary school and a public housing project. Pottle departed, then returned to the site of the sale with Officer Jerry Chrostowski. She identified Mr. Player as the seller. Chrostowski placed Player under arrest. Pottle testified at Player's criminal trial. *State v. Player*, 58 Conn.App. 592, 594 (2000). She testified that he sold cocaine to her. (14Apr97-Tr-58-59, 61).

At the habeas trial, Vera Pottle testified that Mr. Player did not sell drugs to her. (9Mar00-Tr-8-9). At the time of Player's criminal trial, Pottle was incarcerated in Niantic Correctional. She had pled guilty to a probation violation charge and awaited sentencing. Her prior testimony, at Player's criminal trial, resulted from her fear that any failure to so testify would result in her serving jail time, rather than enrollment in a residential drug treatment program. (9Mar00-Tr-5, 7-9).

4

## ARGUMENT

**The habeas court abused its discretion when it (1) found the Commissioner without the opportunity to cross examine the Petitioner's witness, Vera Pottle, then struck her testimony; and (2) denied certification to appeal. The Appellate Court erred when it affirmed the habeas court.**

In his habeas petition, Mr. Player raised two counts. The petition's first count argued actual innocence, while the second count raised ineffective assistance of counsel. (Amended Petition). On appeal, Mr. Player solely seeks review for any error in denial of the actual innocence count.

The habeas court abused its discretion when it found the Commissioner without sufficient opportunity to cross examine the Petitioner's witness. At the habeas trial, Player presented a witness who contradicted her identification testimony from the criminal trial. The government had full opportunity to cross examine her within the limits of the Code of Evidence. The court erred when it struck the direct testimony. The Appellate Court erred when it affirmed the habeas court.

### A.   Standards of Review

Evidentiary rulings are only overturned on appeal where there is abuse of discretion and the appellant shows substantial prejudice or injustice. *State v. Hoffler*, 55 Conn.App. 210, 215 (1999). The trial court has wide discretion to determine the proper limits of cross examination. The reviewing court affords every reasonable presumption in favor of the correctness of the trial court's ruling. *State v. Rolon*, 257 Conn. 156, 173 (2001).

Review of certification denial for a habeas appeal is for any clear abuse of

5

discretion or any injustice. *Francis v. Commissioner of Correction*, 63 Conn.App. 282, 283 (2001), *rev. denied* 256 Conn. 933 (2001).

Mr. Player seeks review of preserved error. At the first habeas trial and in his memorandum to the court, on grounds other than those relied upon below, he opposed the court striking Ms. Pottle's testimony and sought admission of her testimony. (6Apr00-Tr-, 19, 24); (Petitioner's Memorandum 10-13).

Alternatively, Mr. Player seeks review for plain error. Such review is available in extraordinary situations, where the obvious error impairs the fairness and integrity of judicial proceedings, as well as public confidence in the process. *State v. Jones*, 67 Conn.App. 25, 27-28 (2001); P.B. § 60-5.

## B. Cross examination is limited to the subject matter of the direct and matters affecting witness credibility.

Claims of actual innocence are cognizable in habeas corpus proceedings. To mount a successful collateral attack, the petitioner must demonstrate a miscarriage of justice or other prejudice, not mere error that might yield relief on direct appeal. To demonstrate a miscarriage of justice or fundamental unfairness, the habeas petitioner must demonstrate that he is burdened by an unreliable conviction. *Summerville v. Warden*, 229 Conn. 397, 400, 419 (1994).

The state Code of Evidence limits cross examination to the subject matter of the direct and matters affecting witness credibility. The trial court has discretion to modify these limits. C.C.E. § 6-8. Relevant evidence tends to make the existence of any material fact more or less probable. CCE § 4-1. Generally, irrelevant evidence is

inadmissible. C.C.E. § 4-2.

Cross examination serves to expose the motives of the testifying witness. To the extent it draws facts that demonstrate motive, interest, bias, and prejudice, it is a matter of right and may not be unduly restricted. Cross examination is limited, however, to questions that elicit relevant evidence. *State v. Andrews*, 248 Conn. 1, 11-12 (1999)(discussion of cross examination in context of confrontation clause).

### C. The habeas court erred when it found that Commissioner lacked the opportunity to conduct cross examination of Pottle.

At the habeas trial's first day, Vera Pottle recanted her identification testimony given at Mr. Player's criminal trial. (9Mar00-Tr-5-10). The Commissioner's cross examination commenced on the trial's third day. (6Apr00-Tr-9-16, 22-23). Player submits that the Commissioner conducted an ample cross examination of Pottle. There was opportunity in the cross examination for exploration of all permissible areas. The government questioned Pottle on the events to which she previously testified. (6Apr00-Tr-9-16). She only invoked privilege when the Commissioner questioned her on whether she intentionally, voluntarily, and willingly lied on the stand at the criminal trial. (6Apr00-Tr-16, 18, 22-23). This was beyond exploration of witness credibility. The questioning on whether Pottle committed perjury at the criminal trial was solely to intimidate her.

Pottle's response, to whether prior testimony was truthful, was neither relevant to any material fact in the habeas trial nor to her credibility. The Commissioner had the trial transcript. The trial transcript was an exhibit in the habeas trial. It held

7

Pottle's prior testimony. It was available for the Commissioner to use in argument on credibility to the habeas court. Any response by Pottle to draw a legal conclusion, on her whether her prior testimony was in contradiction to an oath, was neither material to the habeas issues nor to credibility. The questioning was beyond the scope of permissible cross examination.

The habeas court erred when it struck Pottle's testimony. The court erroneously concluded that the Commissioner lacked the opportunity to conduct cross examination. (6Apr00-Tr-24-25). Player submits that the cross examination was full, within the parameters of relevancy and materiality set by the Code of Evidence.

**D.    The habeas court (1) abused its discretion when it denied certification for the habeas appeal; and (2) erred when it struck Pottle's testimony.**

The habeas court abused its discretion when it denied appellate certification. The General Statutes require the unsuccessful habeas petitioner to seek certification that the decision involves a question which ought to be reviewed. C.G.S. § 52-470(b); P.B. § 80-1. If denied, the petitioner must show that the certification denial was an abuse of discretion. A petitioner establishes a clear abuse of discretion when he makes a substantial showing that he has been denied a federal constitutional right. This is done where it is debatable among jurists that a court could resolve the issues differently or that adequate questions exist to proceed further. *Simms v. Warden*, 230 Conn. 608, 615-616 (1994).

Mr. Player has an articulable appellate issue. The habeas court abused its

discretion when it found the cross insufficient and struck the direct testimony. At the habeas trial, he presented a witness who contradicted her identification testimony from the criminal trial. Where an articulable appellate issue exists that is debatable or adequate, as here, the habeas court errs when it denies certification. While purely evidentiary issues are not constitutional in magnitude, *State v. Taylor*, 239 Conn. 481, 490 (1996), *cert. denied* 521 U.S. 1121 (1996), Mr. Player submits that the soundness of the habeas court's ruling is debatable among jurists. When the habeas court struck Pottle's testimony, it deprived Player of the opportunity to advance his actual innocence case. The government's key witness in a hand-to-hand narcotics buy recanted. Player offered her new testimony. When the habeas court struck the testimony, Player was left without his only means to prove his conviction's unreliability. Adequate questions exist to proceed further.

The Commissioner conducted a full cross examination, within the limits of the Code of Evidence. The habeas court abused its discretion when it found the cross incomplete and struck the direct. The recanted testimony supports Player's actual innocence argument.

## Conclusion

Based upon the foregoing authorities and arguments, Mr. Player respectfully requests that this court reverse the Appellate Court's ruling.

Respectfully submitted,
Eddie Player, Petitioner/Appellant,
By his attorney,

_____
James M. Fox
Special Public Defender
19 Maple Avenue
Swampscott, MA 01907
Telephone: (781)581-1001
Facsimile: (781)581-5005
Juris No. 404094

10

<u>Appellate Court, A.C.</u># 22532.

(11) Order on Petition For Certification to Appeal, (2002) (PSC-02-0235), <u>Denied</u>.

# SUPREME COURT

# STATE OF CONNECTICUT

NO. PSC-02-0235

Eddie Player
v.
Commissioner of Correction

## ORDER ON PETITION FOR CERTIFICATION TO APPEAL

On consideration of the petition by the petitioner Eddie Player for certification to appeal from the Appellate Court (73 Conn. App. 556 [AC 22534]), it is hereby ordered that said petition be, and the same is hereby denied.

BY THE COURT,

*[signature]*
ASSISTANT CLERK-APPELLATE

Dated: 12/19/2002
Notice sent: DECEMBER 19, 2002
Clerk, Superior Court, New Haven, CV98 412100
Clerk, Appellate Court
Reporter of Judicial Decisions
SAO
James M. Fox, Special Public Defender
Office of the Chief State's Attorney-Appellate Bureau


James M. Fox, Special Public Defender, in support of petition; Bruce R. Lockwood, Assistant State's Attorney, in opposition.


er