UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE BUD PLAYER, | : | PRISONER |
| Petitioner | : | CASE NO. 3:03CV296(JCH)(HBF) |
| | : | |
| V. | : | |
| | : | |
| WARDEN, | : | JULY 8, 2004 |
| Respondent | : | |

MOTION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS

Now comes the respondent and moves to dismiss the petition for writ of habeas corpus filed in the above-captioned proceeding. The respondent's motion is brought on the ground that the petitioner has failed to exhaust any of the claims that he raises in his petition [Doc. # 12] by presenting them to the state courts of Connecticut. Additional details and arguments may be found in the respondent's memorandum of law which accompanies this motion. That memorandum is filed pursuant to Rule 9(a) of the Local Rules of Civil Procedure.

I. PROCEDURAL HISTORY[1]

---

[1] This procedural history is compiled from the following documents which are forwarded with this Motion:

    Appendix A   Connecticut Appellate Court's decision on the petitioner's direct appeal; State v. Player, 58 Conn. App. 592, 753 A.2d 947 (2000)

    Appendix B   Petitioner's brief on direct appeal

On April 17, 1997, the petitioner was convicted of sale of narcotics in violation of Connecticut General Statutes § 21-278(b), sale of narcotics within 1500 feet of a school or public housing project in violation of General Statutes § 21-278a(b), and possession of narcotics in violation of General Statutes § 21a-279(a).  On June 5, 1997, the trial court imposed a sentence of eight years incarceration.

The petitioner appealed.  Before the Connecticut Appellate Court, he claimed that the trial court "improperly (1) admitted the testimony of a drug addicted informant who allegedly used police funds to buy illegal drugs for her own use and (2) permitted a separate conviction for the violation of § 21a-278a(b) because that statute is a sentence enhancement provision rather than a separate substantive offense."  State v. Player, 58 Conn. App. 592, 593, 753 A.2d 947 (2000) (hereinafter "Player I").  On July 4, 2000, the Connecticut Appellate Court affirmed the judgment of conviction.  The petitioner did not file a petition seeking discretionary review by the Connecticut Supreme Court.

Meanwhile, on April 23, 1998, the petitioner initiated state habeas corpus proceedings.  Eddie Bud Player v. Warden, Docket No. CV98-0412100, Superior Court in the judicial district of New Haven.  Subsequently, counsel was appointed and an amended

| | |
|---|---|
| Appendix C | Connecticut Appellate Court's decision on the petitioner's appeal from the state habeas court's decision; Player v. Commissioner of Correction, 73 Conn. App. 556, 808 A.2d 1140 (2002) |
| Appendix D | Petitioner's brief on appeal from the state habeas court's decision |
| Appendix E | Petitioner's petition for discretionary review to the Connecticut Supreme Court on appeal from the state habeas court's decision |

petition was filed in which the petitioner's claims for relief were described. The state habeas court denied the petition in a written memorandum of decision dated October 21, 2001.

The petitioner appealed. The only claims raised on appeal were that the habeas court "improperly (1) excluded from evidence the prior testimony of the petitioner's witness relating to his claim of actual innocence and (2) denied his petition for certification to appeal."[2] Player v. Commissioner of Correction, 73 Conn. App. 556, 557, 808 A.2d 1140 (2002) (hereinafter "Player II"). In that appeal, the petitioner did not raise a claim that he was denied the effective assistance of counsel. Id. at 557 n.4.[3] The petitioner then filed a petition for certification in which he requested discretionary review by the Connecticut Supreme Court. In that petition, he claimed that the Connecticut Appellate Court erred

---

[2] In part, Connecticut General Statutes § 52-470(b) provides that "*No appeal* from the judgment rendered in a habeas corpus proceeding . . . may be taken unless the appellant . . . petitions the judge before whom the case was tried . . . that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." (Emphasis added.)

Nevertheless, if an individual demonstrates that the denial of certification constitutes an abuse of discretion, an appellate court will entertain his appeal. A "petitioner will establish a clear abuse of discretion in the denial of a timely request for certification to appeal if he can demonstrate the existence of one" of the criteria described in Lozada v. Deeds, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). Simms v. Warden, 230 Conn. 608, 616, 646 A.2d 126 (1994). "A petitioner satisfies that burden by demonstrating: that the issues are debatable among jurists of reason; that a court *could* resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted; brackets omitted.) Id. Thus, if a petitioner has been denied certification to appeal *and* he cannot establish that such denial was an abuse of discretion, he is not entitled to appellate review and his appeal will be dismissed.

[3] In Footnote 4 of its decision, the Connecticut Appellate Court explained that the "petitioner has not appealed from the court's judgment with respect to his claim of ineffective assistance of counsel." Player II, 73 Conn. App. at 557 n.4.

3

when "it (1) concluded that the Commissioner lacked the opportunity to cross examine the Petitioner's witness, Vera Pottle, then struck her testimony, and (2) denied certification to appeal." Appendix E at 1. On December 19, 2002, the Connecticut Supreme Court denied the petitioner's petition for certification. Player v. Commissioner of Correction, 262 Conn. 926, 814 A.2d 378 (2002).

On February 7, 2003, the petitioner initiated the instant § 2254 proceedings by filing a petition for writ of habeas corpus with this Court.

## II.    ARGUMENT

In this habeas corpus matter brought pursuant to 28 U.S.C. § 2254, the petitioner, Eddie Bud Player, challenges his 1997 state court conviction for various narcotics offenses. In so doing, he claims that his conviction is unlawful in that: (1) the state's chief witness, Vera Pottle, has recanted her testimony; (2) he was denied the effective assistance of counsel at his 1997 criminal trial; and (3) the state's evidence identifying him as the individual who sold drugs to Pottle was contradictory. Because the petitioner has not exhausted his state court remedies with respect to all of his three claims, he is not entitled to federal habeas corpus relief and his petition must be dismissed.

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from

4

exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Id. A claim is not "exhausted" unless it has been presented to the highest state court. Daye, 696 F.2d at 190 n.3. Nevertheless, the mere presentation of "a claim for the first time to a state court of discretionary review is insufficient to exhaust the claim unless the court considers it." Lurie v. Wittner, 228 F.3d 113, 124 (2d Cir. 2000) citing Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

In the instant proceeding, the petitioner raises three claims in his petition. None of these were not exhausted in the state courts. Therefore, he is not entitled to review of these claims and his petition must be dismissed.

### III.   CONCLUSION

Review of the claims raised in the petition is prohibited by 28 U.S.C. § 2254(b)(1)(A). Therefore, the petition must be dismissed.

Respectfully submitted,

RESPONDENT-WARDEN

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (fax)
E-mail: JoAnne. Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

## **CERTIFICATION**

I hereby certify that a copy of this document was mailed to Eddie Bud Player, Inmate # 249812, Osborn Correctional Institution, 335 Bilton Road, P.O. Box 100, Somers, Connecticut 06071, on July 8, 2004.

_____
JO ANNE SULIK
Assistant State's Attorney