UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDDIE BUD PLAYER, | : | PRISONER |
| Petitioner | : | CASE NO. 3:03CV296(JCH)(HBF) |
| | : | |
| V. | : | |
| | : | |
| WARDEN, | : | JULY 8, 2004 |
| Respondent | : | |

MEMORANDUM OF LAW IN SUPPORT OF THE
RESPONDENT'S MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss the application for writ of habeas corpus filed in the above-captioned proceeding. In that petition, the petitioner alleges that: (1) the state's chief witness, Vera Pottle, has recanted her testimony; (2) he was denied the effective assistance of counsel at his 1997 criminal trial; and (3) the state's evidence identifying him as the individual who sold drugs to Pottle was contradictory. The respondent's motion to dismiss is brought on the ground that the petitioner has not exhausted his state court remedies with respect to all three of his claims. For these reasons, the petitioner is not entitled to federal habeas corpus relief and his petition must be dismissed.

I.  PROCEDURAL HISTORY

This procedural history is compiled from documents forwarded as appendices to the respondent's Motion to Dismiss dated July 8, 2004, as follows:

Appendix A   Connecticut Appellate Court's decision on the petitioner's direct appeal; State v. Player, 58 Conn. App. 592, 753 A.2d 947 (2000)

Appendix B   Petitioner's brief on direct appeal

Appendix C   Connecticut Appellate Court's decision on the petitioner's appeal from the state habeas court's decision; <u>Player v. Commissioner of Correction</u>, 73 Conn. App. 556, 808 A.2d 1140 (2002)

Appendix D   Petitioner's brief on appeal from the state habeas court's decision

Appendix E   Petitioner's petition for discretionary review to the Connecticut Supreme Court on appeal from the state habeas court's decision

On April 17, 1997, the petitioner was convicted of sale of narcotics in violation of Connecticut General Statutes § 21-278(b), sale of narcotics within 1500 feet of a school or public housing project in violation of General Statutes § 21-278a(b), and possession of narcotics in violation of General Statutes § 21a-279(a). On June 5, 1997, the trial court imposed a sentence of eight years incarceration.

The petitioner appealed. Before the Connecticut Appellate Court, he claimed that the trial court "improperly (1) admitted the testimony of a drug addicted informant who allegedly used police funds to buy illegal drugs for her own use and (2) permitted a separate conviction for the violation of § 21a-278a(b) because that statute is a sentence enhancement provision rather than a separate substantive offense." <u>State v. Player</u>, 58 Conn. App. 592, 593, 753 A.2d 947 (2000) (hereinafter "<u>Player I</u>"). On July 4, 2000, the Connecticut Appellate Court affirmed the judgment of conviction. The petitioner did not file a petition seeking discretionary review by the Connecticut Supreme Court.

Meanwhile, on April 23, 1998, the petitioner initiated state habeas corpus proceedings. <u>Eddie Bud Player v. Warden</u>, Docket No. CV98-0412100, Superior Court in the judicial district of New Haven. Subsequently, counsel was appointed and an amended petition was filed in which the petitioner's claims for relief were described. The state

habeas court denied the petition in a written memorandum of decision dated October 21, 2001.

The petitioner appealed. The only claims raised on appeal were that the habeas court "improperly (1) excluded from evidence the prior testimony of the petitioner's witness relating to his claim of actual innocence and (2) denied his petition for certification to appeal."[1] Player v. Commissioner of Correction, 73 Conn. App. 556, 557, 808 A.2d 1140 (2002) (hereinafter "Player II"). In that appeal, the petitioner did not raise a claim that he was denied the effective assistance of counsel. Id. at 557 n.4.[2] The petitioner then filed a petition for certification in which he requested discretionary review by the Connecticut Supreme Court. In that petition, he claimed that the Connecticut Appellate Court erred when "it (1) concluded that the Commissioner lacked the opportunity to cross examine

---

[1] In part, Connecticut General Statutes § 52-470(b) provides that "*No appeal* from the judgment rendered in a habeas corpus proceeding . . . may be taken unless the appellant . . . petitions the judge before whom the case was tried . . . that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies." (Emphasis added.)

Nevertheless, if an individual demonstrates that the denial of certification constitutes an abuse of discretion, an appellate court will entertain his appeal. A "petitioner will establish a clear abuse of discretion in the denial of a timely request for certification to appeal if he can demonstrate the existence of one" of the criteria described in Lozada v. Deeds, 498 U.S. 430, 111 S.Ct. 860, 112 L.Ed.2d 956 (1991). Simms v. Warden, 230 Conn. 608, 616, 646 A.2d 126 (1994). "A petitioner satisfies that burden by demonstrating: that the issues are debatable among jurists of reason; that a court *could* resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted; brackets omitted.) Id. Thus, if a petitioner has been denied certification to appeal *and* he cannot establish that such denial was an abuse of discretion, he is not entitled to appellate review and his appeal will be dismissed.

[2] In Footnote 4 of its decision, the Connecticut Appellate Court explained that the "petitioner has not appealed from the court's judgment with respect to his claim of ineffective assistance of counsel." Player II, 73 Conn. App. at 557 n.4.

3

the Petitioner's witness, Vera Pottle, then struck her testimony, and (2) denied certification to appeal." Appendix E at 1. On December 19, 2002, the Connecticut Supreme Court denied the petitioner's petition for certification. Player v. Commissioner of Correction, 262 Conn. 926, 814 A.2d 378 (2002).

On February 7, 2003, the petitioner initiated the instant § 2254 proceedings by filing a petition for writ of habeas corpus with this Court.

II.   ARGUMENT

The petitioner alleges that: (1) the state's chief witness, Vera Pottle, has recanted her testimony; (2) he was denied the effective assistance of counsel at his 1997 criminal trial; and (3) the state's evidence identifying him as the individual who sold drugs to Pottle was contradictory. Because the petitioner has not exhausted his state court remedies with respect to all of his three claims, he is not entitled to federal habeas corpus relief and his petition must be dismissed.

Federal habeas corpus relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A). Indeed, even if a petitioner can demonstrate a "clear violation" of his rights, federal relief is unwarranted unless available state remedies are exhausted. Duckworth v. Serrano, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) (per curiam). This "exhaustion requirement springs primarily from considerations of comity." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982). It requires that federal courts refrain from exercising "habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law" and, thus, demonstrates "respect for our dual judicial system and concern for harmonious relations between the two

adjudicatory institutions." Id. A claim is not "exhausted" unless it has been presented to the highest state court. Daye, 696 F.2d at 190 n.3.

### A. The Petitioner Has Not Exhausted His Claim That He Was Convicted Upon False Testimony

As the petitioner's first ground for relief, he claims that the state's chief witness, Vera Pottle, testified falsely at his 1997 criminal trial and has since recanted. Specifically, he alleges that:

> State Chief witness, Ms. Vera Pottle, reliability and credibility in petitioner's criminal trial testimony (1997). And Ms. Pottle recanting of her testimony in petitioner's habeas corpus hearing/trial which resulted into a mistrial (2001). Ms. Vera Pottle gave false testimony at the petitioner's criminal trial which convicted the petitioner. All evidence came from the state chief witness.
>
> According to Ms. Vera Pottle testimony at petitioner's criminal trial at New Britain Superior Court. She fabricated the actual incident (arrest) out of fear for her children and herself (1997).
>
> And Ms. Vera Pottle, the state chief only witness, recant her whole testimony during a habeas corpus hearing/trial at New Haven Superior Court (2001).

Petition at page 7.

These confusing assertions appear to raise a claim that the petitioner was convicted upon false testimony. The petitioner has not exhausted this claim in the state courts of Connecticut. In his direct appeal, he asserted that the evidence obtained through an informant, Vera Pottle, should have been excluded. Specifically, he maintained that, at the time the police employed Pottle to purchase drugs, they knew that she would use the money that she earned to buy cocaine for herself at a later time. Player I, 58 Conn. App. at 595-96. On appeal from the decision of the state habeas court, the petitioner claimed that the court improperly excluded Pottle's prior testimony that she lied at the petitioner's 1997 criminal trial. This claim arose in the following context.

> The petitioner . . . sought a writ of habeas corpus. In his petition, which was amended twice, the petitioner alleged actual innocence and ineffective assistance of counsel. At the first hearing on his second amended petition, the petitioner only called Pottle as a witness. Pottle recanted her trial testimony that the petitioner was the individual from whom she had purchased narcotics. The hearing was continued. When new counsel for the respondent attempted to cross-examine Pottle about the truthfulness of her testimony at the criminal trial, Pottle invoked her fifth amendment right not to incriminate herself to avoid a potential charge of perjury. Pottle also refused to answer similar questions directed to her by the court. Counsel for the respondent asked that Pottle's testimony be stricken from the record because the respondent was denied the right to cross-examine the witness. The court, Alander, J., struck Pottle's testimony and declared a mistrial.
>
> Prior to the second hearing on his petition, the petitioner filed a motion in limine seeking to have a transcript of Pottle's testimony at the first hearing admitted into evidence pursuant to § 8.6. of the Connecticut Code of Evidence.[3] Counsel for the respondent objected to the motion in limine because he had not had an opportunity to cross-examine Pottle. The parties submitted the case to the second habeas court, Hon. Anthony V. DeMayo, judge trial referee, on the record for rulings on the motion in limine and the petitioner's ineffective assistance of counsel claim.
>
> The court denied the petition, concluding that Pottle's testimony was not admissible pursuant to § 8.6(1) of the Connecticut Code of Evidence because the respondent had not had an opportunity to develop Pottle's testimony at the first habeas hearing, and the petitioner's trial counsel had exhibited more than reasonable competence in representing the petitioner in the criminal trial. The court also denied the petition for certification to appeal to this court.

(Footnotes omitted.) Player II, 73 Conn. App. at 557-59.

The Connecticut Appellate Court determined that the state habeas court had not abused its discretion in excluding the prior testimony because the respondent "was denied

---

[3] Connecticut Code of Evidence § 8.6 provides in relevant part: "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, provided (A) the issues in the former hearing are the same or substantially similar to those in the hearing in which the testimony is being offered, and (B) the party against whom the testimony is now offered had an opportunity to develop the testimony in the former hearing. . . ."

its right to develop the witness' testimony" at the first habeas hearing. In his petition seeking discretionary review by the Connecticut Supreme Court, he again claimed that Pottle's testimony was erroneously excluded by the habeas court. Specifically, he argued that the questions to which Pottle asserted her privilege were (1) "beyond exploration of witness credibility," (2) designed to intimidate her, and (3) not relevant to any material fact. Appendix E at 7-8. Thus, he insisted that the respondent was given "an opportunity to develop the testimony in the former hearing" as required by § 8.6(1) of the Connecticut Code of Evidence.

Although the petitioner raised claims pertaining to Pottle's testimony in both his direct appeal and his appeal from the habeas court's decision, neither of those claims alleged that the testimony was false. Rather, both claims presented <u>evidentiary</u> questions regarding the <u>admissibility</u> of her testimony. In order to satisfy the exhaustion requirement, "'[i]t is not sufficient merely that the [petitioner] has been through the state courts.' . . . Rather the petitioner's claims must be fairly presented so the that state has the opportunity to correct any alleged constitutional violations. . . ." (Citations omitted.) <u>Ellman v. Davis</u>, 42 F.3d 144, 147 (2d Cir. 1994). Indeed, the U.S. Supreme Court has explained that to "protect the integrity of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has <u>properly</u> exhausted those remedies, <u>i.e.</u>, whether he has fairly presented his claims to the state courts. . . ." (Emphasis in original.) <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 848, 119 S.Ct. 1728, 1734, 144 L.Ed.2d 1 (1999). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." <u>Gentry v. Lansdown</u>, 175 F.3d 1082, 1083 (8th Cir. 1999) citing <u>Castille v.</u>

Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). See also Howard v. Sullivan, 185 F.3d 721, 725 (7th Cir. 1999) (fair presentment "requires the petitioner to have given the state courts a meaningful opportunity to pass upon the substance of the claims she later presses in federal court"). A petitioner has "fairly presented" a claim if he has "'informed the state court of both the factual and the legal premises of the claim he asserts in federal court.' Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). To have done so, the petitioner 'must have set forth the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.' Id." Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). "[T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." Daye, 696 F.2d at 194.

In the instant case, the petitioner's claim that he was convicted upon Pottle's false testimony has not been presented to the appellate courts of Connecticut. Rather, those courts have been asked to decide evidentiary issues regarding the admissibility of her testimony. Because the false testimony claim is not the same as the claims presented in the state courts, the petitioner has not exhausted it. Until he "fairly presents" his claim in the appellate courts of Connecticut, the petitioner cannot obtain habeas corpus review of, or relief upon, his allegation of false testimony.

**B.     The Petitioner Did Not Appeal The State Habeas Court's Decision Denying His Claim That His Right To The Effective Assistance Of Counsel Was Violated**

As the petitioner's second ground for relief, he claims that he was denied the effective assistance of counsel at his criminal trial. Specifically, he alleges that his special public defender "was negligent and ineffective as a defense attorney. He was an ineffective assistance of counsel at petitioner Eddie Player's criminal trial (1997). Petitioner's attorney became the state's prosecutor best witness [due] to his performance at trial. Petitioner's special public defender . . . started investigating and looking for potential witnesses or evidence on April 3, 1997 the day of trial." Petition at page 8. The petitioner has not exhausted his state court remedies as to this claim because he did not appeal the state habeas court's decision denying this claim.

In his appeal from the state habeas court's decision, the petitioner did not attack the court's denial of his ineffectiveness claim. Rather, he advised the appellate courts that the ineffectiveness claim was not being pursued. In *both* his brief to the Connecticut Appellate Court *and* his petition for discretionary review to the Connecticut Supreme Court, the petitioner explained that in "his habeas petition, Mr. Player raised two counts. The petitioner's first count argued actual innocence, while the second count raised ineffective assistance of counsel. . . . On appeal, Mr. Player solely seeks review for any error in denial of the actual innocence count." Appendix D at 5; Appendix E at 5.

As a result, because this ineffectiveness claim has never been presented to the appellate courts of the state of Connecticut, it has not been exhausted. Until he has given

the state courts a fair opportunity to review his claim, the petitioner is not entitled this federal court's review of his claim.

### C. The Petitioner Did Not Raise A Claim Regarding The Credibility Or Weight Of The Evidence In The Appellate Courts Of Connecticut

As the petitioner's third ground for relief, he claims that the state's evidence was contradictory. Specifically, he asserts that:

> All the state's prosecutor police witnesses testimony and report statements was contradictory from the state's chief witness (Ms. Vera Pottle). Each witness had a new or different description of the petitioner Eddie B. Player (arrest 9/9/96).
>
> The state's chief witness describe the petitioner's clothes at the criminal trial. A blue hat, tan shirt and blue pants, said Ms. Vera Pottle. The police officer stated a complete different description of the petitioner, but the police reports and DOC report indicate petitioner had on all black cotton on 9/9/96.

Petition at page 11.

Essentially, the petitioner claims that he was convicted against the weight of the evidence. He has not raised this claim in the appellate courts of Connecticut. Rather, on direct appeal to the Connecticut Appellate Court, the petitioner claimed that (1) the evidence obtained through an informant, Vera Pottle, should have been excluded and (2) his conviction for sale of a narcotic substance within 1500 feet of a public housing project and an elementary school in violation of General Statutes § 21a-278a(b) was unlawful because that statute was a sentence enhancement provision and not a substantive offense. Appendices B and C. In claiming that Pottle's testimony should not have been admitted, the petitioner asserted that, at the time the police employed Pottle to purchase drugs, they knew that she would use the money that she earned to buy cocaine

for herself at a later time. Player I, 58 Conn. App. at 595-96. On appeal from the state habeas court's decision, the petitioner claimed that the habeas court "improperly (1) excluded from evidence the prior testimony of the petitioner's witness relating to his claim of actual innocence and (2) denied his petition for certification to appeal." Player II, 73 Conn. App. at 557.

Thus, this instant claim bears no resemblance to the claims raised by the petitioner in the appellate courts of Connecticut. As a result, "Claim Three" of his petition has not been exhausted in the state courts of Connecticut and the petitioner is not entitled to review of, or relief upon, this claim.

### D. This Court Should Allow The State Courts To Determine Whether The Petitioner Has Any Available State Court Remedies

Until a petitioner attempts to present his claim to the highest state court--even though the claim is likely to be found to be procedurally barred--he has not met the exhaustion requirement. Pesina v. Johnson, 913 F.2d 53 (2d Cir. 1990). In Pesina, the court explained that "we have no authority to declare as a matter of state law that" relief is unavailable through a state's courts. Id. at 54.[4] Thus, the question of whether the

---

[4] In Grey v. Hoke, 933 F.2d 117, 120-21 (2nd Cir. 1991), the Court held that claims are exhausted if it is clear that a state court would hold the claim to be procedurally barred but that federal habeas relief is still not warranted absent a showing that good "cause" existed to excuse the default and that actual "prejudice" resulted *or* unless a miscarriage of justice would result from the federal court's failure to grant relief. See Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In Grey v. Hoke, however, the respondent appears to have conceded that the petitioner no longer had remedies available in state courts.

From Pesina v. Johnson and Grey v. Hoke, it seems that if a federal court is not convinced that no avenue exists by which the petitioner may attempt to bring his claim to the highest state court, the petition should be dismissed for lack of exhaustion. If the claim

petitioner has any "available" state court procedures by which he may assert his unexhausted claims is a matter to be decided by the state courts. Thus, unless and until those courts rebuff this petitioner in his efforts to raise his claims, the petition must be dismissed.

III.   CONCLUSION

For the reasons set forth above, this Court should dismiss this petition attacking the petitioner's 1997 state narcotics convictions.

                                Respectfully submitted,

                                RESPONDENT-WARNER

By: _____
JO ANNE SULIK
Assistant State's Attorney
Civil Litigation Bureau
Office of the Chief State's Attorney
300 Corporate Place
Rocky Hill, Connecticut 06067
(860) 258-5887
(860) 258-5968 (facsimile)
E-mail: Joanne.Sulik@po.state.ct.us
Fed. Bar. No. ct 15122

**<u>CERTIFICATION</u>**

---

clearly would be procedurally barred in state courts, the claim may be reviewed by federal courts only upon a showing of cause and prejudice, or a miscarriage of justice, to excuse the default.

I hereby certify that a copy of this document was mailed to Eddie Bud Player, Inmate # 249812, Osborn Correctional Institution, 335 Bilton Road, P.O. Box 100, Somers, Connecticut 06071, on July 8, 2004.

                                              JO ANNE SULIK
                                              Assistant State's Attorney