UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDDIE BUD PLAYER,<br>      Petitioner, | :<br>: |
| v. | : PRISONER CASE NO.<br>: 3-03-cv-296 (JCH) |
| WARDEN MICHAEL CARTER,<br>      Respondent. | :<br>: DECEMBER 20, 2004<br>: |

**RULING ON MOTION TO DISMISS**

The petitioner, Eddie Bud Player, brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction for possessing and selling narcotics. He was confined at the MacDougall Correctional Institution in Suffield, Connecticut when he filed his amended petition for writ of habeas corpus.[1] Pending before the court is a motion to dismiss filed by the respondent. For the reasons set forth below, the respondents' motion to dismiss is granted.

**I.   PROCEDURAL BACKGROUND**

In April 1997, in the Superior Court for the Judicial District of Hartford-New Britain at New Britain, Connecticut, a jury found the petitioner guilty of sale of a narcotic substance in violation of Connecticut General Statutes § 21a-278(b), possession of a narcotic substance in violation of Connecticut General Statutes § 21a-279(a) and sale of a narcotic substance within 1500 feet of a public housing project and elementary school in violation of Connecticut General Statutes § 21a-278a(b). See State v. Player, 58 Conn. App. 592, 593-94, (2000). The judge sentenced the petitioner to a total effective sentence of eight years of imprisonment. See id. at 594, 948. On appeal, the petitioner claimed that: (1) the trial court should have excluded evidence and testimony

---

[1] He currently resides in Waterbury, Connecticut.

from the state's chief witness as fruit of the poisonous tree and (2) his conviction on one count of selling a narcotic substance in violation of Connecticut General Statutes § 21a-278a(b) was improper because the statute is a sentence enhancement provision rather than a separate felony offense. (See Am. Pet. Writ Habeas Corpus, Ex. 2.) On July 4, 2000, the Connecticut Appellate Court affirmed the conviction. See Player, 58 Conn. App. at 598. The petitioner did not petition the Connecticut Supreme Court for certification to appeal the decision of the Connecticut Appellate Court. (See Am. Pet. Writ Habeas Corpus, Ex. 1.)

In 1998, the petitioner filed a petition for writ of habeas corpus in state court. On December 29, 1999, the petitioner amended his state habeas petition. (See Am. Pet. Writ. Habeas Corpus, Ex. 4.) He claimed that his conviction violated his federal and state constitutional rights to due process because the evidence used to convict him was unreliable and contradictory, he was factually innocent of the charges, and the prosecutor denied him certain exculpatory evidence. He also argued that his counsel at trial was ineffective. (See id.) At the first trial in the habeas proceeding, the court declared a mistrial. See Player v. Warden, No. CV98412100, 2001 WL 1283788, at *1 (Conn. Super. Ct. Oct. 2, 2001). The parties later agreed on the record to submit the amended habeas petition to a different Judge for a ruling on a motion in limine and the ineffective assistance of counsel claim. See id. On October 29, 2001, the trial court denied the petitioner's motion in limine to consider the state's witness unavailable and to admit the testimony of the witness from the prior trial on the habeas petition, and it denied the petitioner's claim of ineffective assistance of counsel. See id. at *4. On appeal, the petitioner argued that the trial court improperly excluded from evidence the

2

prior testimony of the witness and improperly denied his petition for certification to appeal.  On November 12, 2002, the Connecticut Appellate Court dismissed the petitioner's appeal.  See Player v. Commissioner of Correction, 73 Conn. App. 556, 560 (2002) (per curiam).  On December 19, 2002, the Connecticut Supreme Court denied the petitioner's petition for certification to appeal the Connecticut Appellate Court's decision.  See Player v. Commissioner of Correction, 262 Conn. 926 (2002).

On February 7, 2003, the petitioner commenced this action.  He filed an amended petition on September 15, 2003.

## II.     STANDARD OF REVIEW

A petitioner must exhaust all available state remedies prior to filing a habeas petition in federal court.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1984); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190-191 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1984); 28 U.S.C. §2254(b)(1)(A).  The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam).  The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have occurred during the state criminal process.  See id.  Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal.  See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)).  "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the petition." Pesina v.

3

Johnson, 913 F.2d 53, 54 (2d Cir. 1990) (per curiam).

A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

## III.    DISCUSSION

The respondent argues that the petition should be dismissed because the none of the grounds in the amended petition are exhausted. The petitioner has not responded to the motion to dismiss despite notice from the court. (See Dkt. No. 24.)

The petitioner includes three grounds in the amended petition: (1) the testimony of the state's chief witness was unreliable and lacked credibility; (2) his trial counsel was ineffective; and (3) the testimony of a police officer and the testimony of the state's chief witness concerning the attire of the petitioner was contradictory. Am. Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a person in state custody. [Dkt. No. 12] September 15, 2003. The petitioner claims to have raised the first and third grounds on direct appeal and all three grounds in his state habeas petition. On direct appeal, however, the petitioner did not file a petition for certification to appeal the decision of the Connecticut Appellate Court to the Connecticut Supreme Court. Thus, any claims raised on direct appeal have not been fully exhausted.

Although the petitioner arguably raised the three grounds in the present amended petition in his amended state habeas petition, he did not raise these claims in his appeal of the denial of the petition to either the Connecticut Appellate or Supreme

4

Courts. See Player v. Commissioner of Correction, 73 Conn. App. 556 (2002) (per curiam); Player v. Commissioner of Correction, 262 Conn. 926 (2002). The court concludes that the petition must be dismissed because the plaintiff has failed to exhaust his claims by appealing any adverse decision in his state habeas proceeding to the highest state court.[2]

## IV. CONCLUSION

The respondent's Motion to Dismiss [**Dkt. No. 23**] is **GRANTED**. The petitioner may refile his federal habeas petition after he has exhausted his state court remedies.[3] The Clerk is directed to enter judgment and close this case.

---

[2] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal could jeopardize the timeliness of a collateral attack.")(internal quotation omitted). Zarvela is inapplicable to this case because this is not a mixed petition.

[3] The petitioner is on notice that there is now a one-year statute of limitations applicable to petitions for writs of habeas corpus filed in federal court by state prisoners. See 28 U.S.C. § 2244(d)(1)(A) (the limitations period begins to "run from the latest of -- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . ."); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001) (one-year statute of limitations set forth in § 2244(d)(1)(A) begins to run only after "the completion of direct appellate review in the state court system and either the completion of certiorari proceedings in the United States Supreme Court, or--if the prisoner elects not to file a petition for certiorari--the time to seek direct review via certiorari has expired"). The one-year limitations period may be tolled during the time "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). In addition, the Second Circuit has held that the limitations period may be equitably tolled. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (adopting the position that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"). The filing of a federal habeas petition, however, does not toll the running of the one-year limitations period for filing a federal habeas petition. See Duncan v. Walker, 533 U.S.167, 181-82 (2001).

The Supreme Court has recently held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In addition, the Court stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.  This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies with regard to all grounds for relief or that the petitioner should be permitted to proceed further.  Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**

Dated this 20th day of December, 2004, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge